*Page 1 of 5*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY BAKER,
        Plaintiff,

vs.                                     5:06cv117/RS/MD

OFFICER SLAY, et al.
        Defendants.

## REPORT AND RECOMMENDATION

This case is before the court upon plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. Along with the complaint, plaintiff has submitted a letter indicating that once he receives the case number, he will pay the $150.00 filing fee from his prison account. Plaintiff is advised that the filing fee is currently $350.00. However, he will not be required to pay that filing fee at this time because this case is subject to dismissal as it was clearly premature due to plaintiff's failure to exhaust his administrative remedies.

Under the pre-PLRA version of § 42 U.S.C.A. § 1997e, courts had the option to stay actions where a plaintiff had not exhausted his administrative remedies, if the court found this to be "appropriate and in the interests of justice." 42 U.S.C. § 1997e(a)(1)(1994)(amended 1996). By contrast, the current version provides that:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a)(West Supp. 2002).  Therefore, the exhaustion requirement is a mandatory prerequisite to filing suit.   See *Hall v. Richardson,* 194 Fed. Appx. 835, 2005 WL 1939431 (11th Cir. 2005); *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1329 (11th Cir. 1998).  The exhaustion requirement applies to all inmate suits about any aspect of prison life, including cases in which plaintiffs seek only monetary damages.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct.1819, 1825, 149 L.Ed.2d 958 (2001). In *Alexander*, the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

(1)   to avoid premature interruption of the administrative process;

(2)   to let the agency develop the necessary factual background upon which decisions should be based;

(3)   to permit the agency to exercise its discretion or apply its expertise;

(4)   to improve the efficiency of the administrative process;

(5)   to conserve scarce judicial resources;

(6)   to give the agency a chance to discover and correct its own errors; and

(7)   to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Medical Services, Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)).  The exhaustion process is mandatory, and cannot be waived even when the process is futile or inadequate.  *Hall v. Richardson,*194 Fed. Appx. 835, 2005 WL 1939431 (11th Cir. 2005) (citing *Alexander,* 159 F.3d at 1325-26.)

Chapter 33-103 of the Florida Administrative Code In Florida provides for a multi-tiered grievance procedure.  See *Chandler v. Crosby*, 379 F.3d 1278, 1287-88 (11th Cir. 2004).  Except in certain limited cases, inmates are to first utilize an informal grievance procedure.  Ch. 33-103.005, F.A.C.  The next level of review is a formal grievance to the warden or assistant warden.  Ch. 33-103.006, F.A.C.  Finally, an inmate may appeal to the Office of the Secretary.  Ch. 33-103.007, F.A.C.

Although the wording of the administrative code does not mandate that a grievance appeal be filed, in order to exhaust administrative remedies, the inmate must avail himself of all levels of review. See, e.g. *Jackson v. Parkhouse*, 826 So.2d 478, 479 (Fla. 1st DCA 2002) (inmate who submitted informal grievance but did not follow up with formal grievance or administrative appeal did not exhaust administrative remedies); *Adams v. Barton*, 507 So.2d 665, 666 (Fla. 1st DCA 1987) (inmate who failed to obtain final ruling by Secretary failed to exhaust administrative remedies); cf. *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted.") (citing *Alexander*, 159 F.3d 1326).

Plaintiff has used the form for filing § 1983 cases in the Southern District of Florida. The form provides a space for plaintiff to indicate what steps he took in the state prisoner grievance procedure and the result. Plaintiff indicates "informal grievance, formal grievance," and that the grievances were denied. He does not indicated the he appealed the denial of his formal grievance, and thus on this basis alone, plaintiff has failed to exhaust his administrative remedies. In addition, plaintiff's statement that he availed himself of the grievance process at all is suspect in that according to the facts alleged in his complaint, the alleged violation of his constitutional rights took place on the same date the complaint was signed. This court is familiar enough with the prison grievance process to know that it would have been impossible for him to complete the entire grievance process, or even the two levels of administrative review that plaintiff claims he completed, in a single day.

Even if plaintiff were to exhaust his administrative remedies after filing this case, it would still be subject to dismissal because he did not exhaust his administrative remedies *before* suit was commenced. *Hall v. Richardson,* 2005 WL 1939431 (11th Cir. 2005); *Neal v. Goord,* 267 F.3d 116, 119 (2nd Cir. 2001) (citing *Jackson v. District of Columbia*, 254 F.3d 262, 268-69 (D.C.Cir. 2001) (affirming rejection of the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999) ("The prisoner, therefore, may not

exhaust administrative remedies during the pendency of the federal suit."); *Perez v. Wisconsin Department of Corrections,* 182 F.3d 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."); *see also Nyhuis v. Reno*, 204 F.3d 65, 71 (3rd Cir. 2000) ("Allowing the federal courts to fashion prison remedies before the prisons themselves have had the opportunity (and have the ability) to do so, is surely not what Congress intended when it enacted the [Prison Litigation Reform Act]."); *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir.1998)  ("[E]xhaustion is now a pre-condition to suit.... Mandatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply."); *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir.1997) ("Congress specifically amended the statute to ... requir[e] federal prisoners to exhaust all administrative remedies before bringing ... a claim under 42 U.S.C. § 1983.")).  Thus, he has failed to state a claim and his case must be dismissed without prejudice.  *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.") Once plaintiff exhausts his administrative remedies, if he chooses to do so, he may initiate another cause of action based on these facts.  In so doing, plaintiff should be sure to fully and truthfully fill out a section § 1983 complaint form from this court, and submit proof of administrative exhaustion.  If plaintiff is not entitled to proceed *in forma pauperis* due to his prior litigation history, he must pay the entire $350.00 at the time he files his complaint.  Otherwise, he should submit a motion for leave to proceed *in forma pauperis* with supporting documentation.

Accordingly, it is respectfully RECOMMENDED:

That the plaintiff's case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim due to plaintiff's failure to exhaust his administrative remedies.

At Pensacola, Florida, this 7th day of June, 2006.

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).